U.S. DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

MAI LIS BAHR,

    Plaintiff,

vs.

NCL (BAHAMAS) LTD. d/b/a NCL,

    Defendant,

_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff, **MAI LIS BAHR,** by and through her undersigned counsel, hereby sues the Defendant, **NCL (BAHAMAS) LTD. d/b/a NCL**, and alleges as follows:

**PARTIES**

1. Plaintiff, **MAI LIS BAHR**, was and is a resident of and domiciled in the State of North Carolina, and resides in Charlotte, Mecklenburg County, North Carolina.

2. At all times material, Defendant, **NCL (BAHAMAS) LTD. d/b/a NCL** was and is incorporated in the State of Florida and maintains its principal place of business in the State of Florida, located at: 7655 Corporate Center Drive, Miami, FL 33126.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction based on diversity of citizenship 28 USC §1332 because this is an action for damages that exceeds this Court's minimum jurisdictional requirements, to wit, $75,000.00, exclusive of all interest and costs; and the parties are completely diverse as the Plaintiff is from North Carolina and the Defendant is from Florida.

4. This Court also has jurisdiction over this matter pursuant to 28 USC §1333(1) (admiralty) and the contractual language contained in the cruise ticket.

5. Venue in the United States District Court for Southern District of Florida is appropriate pursuant to the forum selection clause contained in the passenger ticket between Plaintiff and Defendant.

6. At all times material, Defendant, **NCL (BAHAMAS) LTD, d/b/a NCL,** personally or through an agent:

   A. Operated, conducted, engaged and/or carried on a business venture in the State of Florida, and in particular Miami-Dade County, Florida;

   B. Maintained its principal place of business in Miami-Dade County, Florida;

   C. Was engaged in substantial business activity in the State of Florida, and in particular, in Miami-Dade County, Florida;

   D. Operated vessels and provided vessels for cruises in the waters of this state;

   E. Committed one or more acts as set forth in F.S. §48,081, 48.181 and 48.193, which submit the defendant to the jurisdiction and venue of this Court. Further, the defendant is subject to the jurisdiction of this Honorable Court due to the foregoing and 28 U.S.C. §1333;

   F. The acts of Defendant set out in the Complaint occurred in whole or in part in Miami-Dade County and/or the State of Florida.

7. All conditions precedent to the institution of this action have been satisfied, or otherwise excused, including the pre-suit notice required by the terms and conditions of Defendant's cruise ticket. (Original ticket is no longer in Plaintiff's possession).

## **COUNT I - NEGLIGENCE**

8. On or about July 18, 2018, while the subject vessel, the Norwegian *Pearl*, was operating in navigable waters, the Plaintiff, **MAI LIS BAHR,** sustained serious and permanent injuries, including closed head, neck and back injuries, including fractures. She was exiting

    the ship onto the dock at the Port of Skagway, Alaska. At that time and place, Mai Lis Bahr slipped and fell near the end of a wet and slippery gangway, when the slip resistant surface, abruptly and without warning came to an end leaving an exposed wet metal surface. Mrs. Bahr fell backwards, and struck her head, back, and neck.

9. Plaintiff's injuries were caused by negligence of the Defendant in failing to maintain slip resistance materials; failing to provide adequate railings, failing to provide a safe walkway; by failing to warn Plaintiff of the lack of an adequate railing; by providing a worn slip resistance surface material, and by failing to warn of the inadequate, and worn, slip resistant surface materials.

10. At all times material hereto the Defendant, **NCL (BAHAMAS) LTD. d/b/a NCL** owed a duty to Plaintiff to exercise reasonable care under the circumstances.

11. At all times material hereto, the Defendant's actions and/or inaction created a foreseeable and unreasonable risk of harm to the Plaintiff, **MAI LIS BAHR**.

12. Defendant, **NCL (BAHAMAS) LTD. d/b/a NCL**, breached its duty owed to Plaintiff by committing one or more of the following acts of omissions:

   A. Allowed passengers, including the Plaintiff **MAI LIS BAHR**, to exit the vessel using a walkway that was known to be wet, without providing a sufficiently dry surface, without handrails and slip resistant materials on the walkway surface.

   B. By allowing a dangerous condition to exist for passengers, including Plaintiff, while disembarking the ship during wet and rainy conditions, on a walkway specifically used by Defendant for exiting the ship. (see Sampson v. Carnival Corp., Case No: 1:15-CV-24399-JLK [DE45] and Poole v. Carnival Corp., 2015 WL 1566415 at *4 (S.D. Fla. Apr. 8, 2015).

   C. By failing to or negligently monitoring, controlling or otherwise providing support, assistance or supervision to passengers exiting the ship in a safe manner (see Sampson v. Carnival Corp., Case No: 1:15-CV-24399-JLK [DE45] and Poole v. Carnival Corp., 2015 WL 1566415 at *4 (S.D. Fla. Apr. 8, 2015).

D. By failing to warn passengers, including Plaintiff, when disembarking the ship, of the existence of wet, slippery walking surfaces- the gangway- and by failing to provide adequate warnings of this known and foreseeable dangerous conditions.

E. Failing to inspect the subject area in a sufficient enough manner to determine the presence of hazardous conditions; to wit, a missing slip resistant surface on known wet and slippery surfaces;

F. Failing to maintain its vessel and walkways exiting the ship in a reasonably safe manner;

G. Negligently establishing and enforcing a method of operation with respect to inspecting walkways used by passengers entering and exiting the subject ship;

H. Failing to provide a reasonably safe means to disembark the Plaintiff and other passengers at a port of call during her cruise, particularly in ports known to be rainy and wet, such as the port in Skagway, Alaska;

I. Failing to properly equip the vessel, the vessel's exit walkways, and the vessel's gangways with sufficient and appropriate ramps, handrails, and other means of facilitating safe boarding and disembarkation by passengers, including the Plaintiff;

J. Failing to provide adequate assistance to passengers, including the Plaintiff, while existing its ship, particularly when it is raining or had rained, and the gangways used to exit the ship were known or should have been known to be wet;

K. Failing to adopt policies and procedures for the safe disembarkation from the ship by its passengers, during wet and rainy conditions known and/or reasonably foreseeable to the Defendant;

L. Failing to adhere to and/or follow existing policies and procedures for the safe boarding and disembarking of the ship;

M. Failing to comply with Defendant's own internal policies and procedures established by its SMS, SQM and other internal operational procedures required by the ISM Code, IMO, SOLAS and all applicable health, building and safety codes and national standards in accordance with 33 CFR 96.100 et. seq., 46 USC Section 3201 et. seq. and all Rules and Regulations, including, but not limited to all relevant IMO standards and NVIC'S of the United States Coast Guard;

N. In other ways as may be revealed through discovery.

13. As a direct and proximate result of Defendant's negligence, which was the sole proximate cause of Plaintiff's accident, Plaintiff, **MAI LIS BAHR**, suffered bodily injuries resulting in pain and suffering; physical and mental pain and anguish; disability; loss of capacity for the enjoyment of life; expense of hospitalization and surgery and medications; loss of earnings; loss of the ability to earn money and impaired earnings capacity; and expenses for physical therapy and rehabilitation; and additional medical and nursing expenses. Said losses are either permanent or continuing in nature and Plaintiff will suffer these losses in the future.

**WHEREFORE**, Plaintiff, **MAI LIS BAHR** demands judgment, interest and costs against Defendant, **NCL (BAHAMAS) LTD. d/b/a NCL**, a trial by jury and any such other relief to which the Plaintiff may be justly entitled.

Dated: July 17, 2019.

HOLZBERG LEGAL
Offices at Pinecrest II
7685 S.W. 104th Street, Suite 220
Miami, Florida 33156
Telephone: (305) 668-6410
Facsimile: (305) 667-6161

BY: */s/ Glenn J. Holzberg*
GLENN J. HOLZBERG
FL. Bar No.: 369551