**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No. 19-cv-22973-BLOOM/Louis**

MAI LIS BAHR,

    Plaintiff,

v.

NCL (BAHAMAS) LTD. d/b/a NCL,

    Defendant.
_____/

## **ORDER**

**THIS CAUSE** is before the Court upon Plaintiff's Verified *Ex Parte* Motion to Approve Fee Contract, ECF No. [35] ("Motion"), filed on March 6, 2020. Plaintiff and her counsel Glenn Holzberg, Esq. request, pursuant to Rule 4-1.5(f)(4)(B)(ii) of the Rules Regulating the Florida Bar ("Fla. Bar R."), that this Court approve their contingency fee contract for a flat 40% contingency fee. Plaintiff and Mr. Holzberg contracted for a contingency fee of 40% due to the expected difficulty, complexity, length, and expense of litigation in the instant action, the complex medical and legal issues involved, and counsel's experience handling cases presenting similar complex issues. Moreover, Plaintiff requests the Court's approval of the fee agreement because the contingency fee limitations under Rule 4-1.5(f)(4)(B)(i) prevent Plaintiff from retaining Mr. Holzberg.

    Rule 4-1.5(f)(4)(B)(ii) states:

> If any client is unable to obtain a lawyer of the client's choice because of the limitations set forth in subdivision (f)(4)(B)(i), the client may petition the court in which the matter would be filed, if litigation is necessary . . . . for approval of any fee contract between the client and a lawyer of the client's choosing. Authorization will be given if the court determines the client has a complete understanding of the client's rights and the terms of the proposed contract.

Fla. Bar R. 4-1.5(f)(4)(B)(ii).

In the Motion, Plaintiff indicates that she knows and fully understands her right to limit fees under Rule 4-1.5(f)(4)(B)(i), and that she knowingly waives these fee limitations. ECF No. [35] at 1-2. In addition, Plaintiff states that, with full knowledge of her right to limit fees and complete understanding of the terms of the proposed contingency fee contract with Mr. Holzberg, she agrees to the terms of this agreement. *Id.* at 2. Based on her knowing waiver of the fee limitations under Rule 4-1.5(f)(4)(B)(i) and her full understanding of the terms of the fee contract, Plaintiff requests that the Court approve the contingency fee agreement for a flat fee of 40%.

Upon review of Plaintiff's verified representations in the Motion, the statement of client's rights submitted alongside the Motion, and the fee attached fee agreement, the Court concludes that Plaintiff "has a complete understanding of [her] rights and the terms of the proposed contract." Fla. Bar R. 4-1.5(f)(4)(B)(ii).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion, **ECF No. [35]**, is **GRANTED**.
2. The fee contract for a flat 40% contingency fee, **ECF No. [35-1]**, is **APPROVED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 9, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record