**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No. 19-cv-22973-BLOOM/Louis**

MAI LIS BAHR,

    Plaintiff,

v.

NCL (BAHAMAS) LTD.,
*doing business as* NCL,

    Defendant.

_____/

## OMNIBUS ORDER ON MOTIONS *IN LIMINE*

**THIS CAUSE** is before the Court upon Plaintiff Mai Lis Bahr's ("Plaintiff") Omnibus Motion *in Limine*, ECF No. [75] ("Plaintiff's Motion"), and Defendant NCL (Bahamas), Ltd.'s ("Defendant") Omnibus Motion *in Limine*, ECF No. [77] ("Defendant's Motion"). With respect Plaintiff's Motion, Defendant filed a Response, ECF No. [102], to which Plaintiff filed a Reply, ECF No. [111]. With respect to Defendant's Motion, Plaintiff filed a Response, ECF No. [98], to which Defendant filed a Reply, ECF No. [115]. The Motions are therefore ripe for the Court's consideration. For the reasons that follow, Plaintiff's Motion is granted in part and denied in part consistent with this Order, and Defendant's Motion is granted in part and denied in part consistent with this Order.

**I.    BACKGROUND**

On July 17, 2019, Plaintiff initiated the instant action against Defendant for injuries sustained while exiting the Norwegian *Pearl* onto the dock at the Port of Skagway, Alaska. *See* ECF No. [1]. Plaintiff was walking down a gangway between the *Pearl* and the dock, on July 18, 2018, when she slipped and fell near the end of the gangway, which she alleges was wet and

slippery. *See id.* ¶ 8. Based on these allegations, the Complaint asserts a single count of maritime negligence against Defendant, alleging that Defendant breached its duty of care by "failing to maintain slip resistance materials; failing to provide adequate railings; failing to provide a safe walkway; [] failing to warn Plaintiff of the lack of an adequate railing; by providing a worn slip resistance surface material, and by failing to warn of the inadequate, and worn, slip resistant surface materials." *Id.* ¶ 9.

In Plaintiff's Motion, Plaintiff requests that the Court exclude evidence relating to (1) Plaintiff's counsel referring Plaintiff to doctors; (2) expert testimony regarding Plaintiff's credibility; (3) Plaintiff's post-incident travel; (4) Plaintiff's financial ability; and (5) Plaintiff's irrelevant medical history. ECF No. [75]. In Defendant's Motion, Defendant requests that the Court exclude evidence relating to (1) prior incidents; (2) testimony from Mark Bock and Jeff Worley; (3) Plaintiff's claimed incontinence; (4) disparity in the parties' resources; (5) comments regarding personal knowledge of the justness of the cause; (6) comments urging the jury to "send a message" to Defendant; and (7) billed medical expenses. ECF No. [77]. The Court considers each Motion in turn.

## II.  LEGAL STANDARD

"In fairness to the parties and their ability to put on their case, a court should exclude evidence *in limine* only when it is clearly inadmissible on all potential grounds." *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010). "The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground." *Id.* "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *In re Seroquel Prods. Liab. Litig.*, Nos. 6:06-md-1769-Orl-22DAB, 6:07-cv-15733-Orl-22DAB, 2009 WL

260989, at *1 (M.D. Fla. Feb. 4, 2009). Likewise, "[i]n light of the preliminary or preemptive nature of motions in limine, 'any party may seek reconsideration at trial in light of the evidence actually presented and shall make contemporaneous objections when evidence is elicited.'" *Holder v. Anderson*, No. 3:16-CV-1307-J-39JBT, 2018 WL 4956757, at *1 (M.D. Fla. May 30, 2018) (quoting *Miller ex rel. Miller v. Ford Motor Co.*, No. 2:01CV545FTM-29DNF, 2004 WL 4054843, at *1 (M.D. Fla. July 22, 2004)); *In re Seroquel Prod. Liab. Litig.*, 2009 WL 260989, at *1 ("The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion *in limine*." (citing *United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989))).

Evidence is admissible if relevant, and evidence is relevant if it has any tendency to prove or disprove a fact of consequence. Fed. R. Evid. 401, 402; Advisory Comm. Notes, Fed. R. Evid. 401 ("The standard of probability under the rule is 'more probable than it would be without the evidence.'"); *United States v. Patrick*, 513 F. App'x 882, 886 (11th Cir. 2013). A district court may exclude relevant evidence under Rule 403 if "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting of time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Rule 403 is an extraordinary remedy which the district court should invoke sparingly, and the balance should be struck in favor of admissibility." *Patrick*, 513 F. App'x at 886 (citing *United States v. Lopez*, 649 F.3d 1222, 1247 (11th Cir. 2011); *United States v. Alfaro-Moncada*, 607 F.3d 720, 734 (11th Cir. 2010)). Rule 403's "major function . . . is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." *United States v. Grant*, 256 F.3d 1146, 1155 (11th Cir. 2001).

### III. DISCUSSION

#### A. Plaintiff's Motion

##### i. Doctor Referral

Plaintiff argues that any evidence of Plaintiff's Counsel referring Plaintiff to any doctor in the case should be excluded based on attorney-client privilege. ECF No. [75] at 3. Defendant responds that because all of the doctors referred by Plaintiff's Counsel were retained as expert witnesses – Dr. Lichtblau, Dr. Salmansohn, and Dr. Suite – attorney-client privilege does not apply, and that Defendant should be permitted to elicit evidence of a referral relationship and inform the jury of the witnesses' potential biases. ECF No. [102] at 2-3. The Court agrees with Defendant. In *McBride v. Carnival Corp.*, the court held that, under Florida law,[1] a treating physician was covered by attorney-client privilege, so the defendant could not elicit evidence of a referral relationship between the treating physician and the attorney, but that a retained expert witness was not covered by attorney-client privilege. No. 16-24894-CV, 2019 WL 5684262, at *1-2 (S.D. Fla. Nov. 1, 2019). Similarly, in this case, it is apparent that all three doctors are retained expert witnesses. ECF Nos. [80-11] at 11; [80-13] at 11; [80-15] at 18. As such, under Florida law, none of the doctors are covered by attorney-client privilege, and Defendant may elicit evidence of a referral relationship.

Plaintiff relies on two cases to argue that Defendant should not be permitted to elicit evidence of a referral relationship: *Worley v. Central Florida young Men's Christian Association*, 228 So.3d 18 (Fla. 2017) and *Burt v. Government Employees Insurance Co.*, 603 So.2d 125 (Fla. 2d DCA 1992). ECF Nos. [75] at 3; [111] at 2. However, the Court finds that *Worley* is inapposite to this case because *Worley* involved a treating physician, not a retained expert. 228 So.3d at *22.

---

[1] Florida law applies to this issue because "[a]ttorney-client privilege is governed by state law in diversity actions." *1550 Brickell Associates v. Q.B.E. Ins. Co.*, 253 F.R.D. 697, 699 (S.D. Fla. 2008).

4

In *Worley*, the court determined that if the witness was a treating physician, then attorney-client privilege applied to bar evidence of a referral relationship. *Id.* at *25-26. The policy rationale in *Worley* was to prevent doctors from refusing to treat patients due to the fear of becoming embroiled in litigation. *Id.* at *26. The court in *Worley* clarified, however, that "the relationship between a law firm and a plaintiff's treating physician is not analogous to the relationship between a party and its retained expert." *Id.* at *23. As such, the policy rationale in *Worley* is inapposite for retained experts who are being paid to give testimony at trial. Because retained experts are being paid, there is no chilling effect, attorney-client privilege does not apply, and Defendant can elicit evidence of a referral relationship. In addition, *Burt* is not instructive because the court's ruling does not make clear whether the physician in question was a treating physician or a retained expert, 603 So.2d at *125-26, which is a material difference as noted above. Accordingly, Plaintiff's motion *in limine* is denied on this issue.

### ii. Expert Testimony on Credibility

Plaintiff argues that expert testimony on Plaintiff's credibility, inferred from Plaintiff's statements made before and during hospitalization and neuropsychological interviews, should be inadmissible. ECF No. [75] at 3.[2] Plaintiff raises a similar objection to Dr. Rosado's expert opinion in Plaintiff's *Daubert* Motion to Strike Defendant's Experts Sala, Rosado, and Gelblum, ECF No. [76] at 9-12. Defendant responds that such evidence from Dr. Rosado should be admissible because Dr. Rosado relied on recognized scientific methods. ECF No. [102] at 3-7; *see also* ECF No. [75-1]. The Court agrees with Plaintiff to the extent that Dr. Rosado's personal inferences

---

[2] Plaintiff fails to specify which expert opinion Plaintiff objects to in this motion *in limine*. ECF No. [75] at 3. In Plaintiff's Reply, Plaintiff specifies that she objects to "Dr. Rosado (or any other expert)." ECF No. [111] at 3. In Plaintiff's *Daubert* Motion to Strike Defendant's Experts Sala, Rosado, and Gelblum, ECF No. [76] at 9-14, Plaintiff raises the issue of credibility as to Dr. Rosado only. It is unclear whose expert opinion, other than that of Dr. Rosado, Plaintiff objects to in terms of credibility. As such, the Court treats Plaintiff's motion *in limine* on this matter as to Dr. Rosado only.

about Plaintiff's credibility are inadmissible, even if they are drawn from Dr. Rosado's psychological evaluation. In *Kleiman v. Wright*, No. 18-CV-80176, 2020 WL 6729362, at *10 (S.D. Fla. Nov. 16, 2020), this Court found that although a forensic psychologist could give an expert opinion about a patient's condition, the psychologist's descriptions and characterizations of the patient's demeanor, such as whether the psychologist believed the patient was a sincere, truthful, respectful, willing participant, fell within the jury's province as a credibility determination. *See also United States v. Beasley*, 72 F.3d 1518, 1528 (11th Cir. 1996) (finding that absent unusual circumstances, expert medical testimony concerning the truthfulness or credibility of a witness is inadmissible). In *Kleiman*, the Court limited the admissibility of a psychologist's expert opinion to the psychological diagnosis of the patient but not the psychologist's opinion on the patient's credibility. 2020 WL 6729362, at *10. Similarly, in this case, Dr. Rosado's personal inferences about Plaintiff's credibility that were drawn from Plaintiff's demeanor, mannerisms, gate, motor ability, attitude, effort, compliance, approach, and response style to the psychological evaluation are inadmissible.

However, the Court agrees with Defendant to the extent that the test results from the psychological examination, including Plaintiff's poor performance and inconsistency, should be admissible because they are not Dr. Rosado's personal inferences about credibility but test results that demonstrate material discrepancies. As such, the only testimony that will be excluded is Dr. Rosado's belief as to what her test results imply in terms of Plaintiff's credibility, not the test results themselves. Dr. Rosado will be permitted to testify that Plaintiff's test results are not a true representation of Plaintiff's cognitive ability given the inconsistencies, but Dr. Rosado may not testify about whether she believes Plaintiff is intentionally fabricating the test results.

Plaintiff primarily relies on two cases on this matter: *Beasley*, 72 F.3d at 1528, and *Gen. Telephone Co. v. Wallace*, 417 So.2d 1022 (Fla. 2d DCA 1982). In both cases, courts found that an expert's opinion on the plaintiff's credibility was inadmissible. *See id.* Both cases are instructive in regard to the Court's finding that Dr. Rosado will not be permitted to offer an opinion on Plaintiff's credibility. They are not instructive, however, in regard to Dr. Rosado's tests that reveal material inconsistencies because neither case involved any objective tests measuring the plaintiff's cognitive abilities. Accordingly, Plaintiff's motion is granted in part and denied in part on this issue.

### iii.    Plaintiff's Post-Incident Travel

Plaintiff argues that any evidence of Plaintiff's post-incident travel should be inadmissible because its probative value is substantially outweighed by the danger of unfair prejudice. ECF No. [75] at 3-4. Plaintiff subsequently withdrew the motion. ECF No. [111] at 3. Accordingly, Plaintiff's motion *in limine* is denied as moot on this issue.

### iv.    Plaintiff's Financial Ability

Plaintiff argues that any evidence of Plaintiff and her family's financial ability should be inadmissible, unless the circumstances warrant its admission, such as in the context of punitive damages. ECF No. [75] at 4. Defendant responds that Plaintiff put her financial ability at issue by making claims about her lost wages and loss of future earning capacity. ECF No. [102] at 9-10. Plaintiff replies that Defendant is conflating Plaintiff's individual financial ability and her family's financial ability. ECF No. [111] at 3-4. Generally, "no reference should be made to the wealth or poverty of a party, nor should the financial status of one party be contrasted with the other's." *Brough v. Imperial Sterling Ltd.*, 297 F.3d 1172,1178 (11th Cir. 2002) (quoting *Batlemento v. Dove Fountain, Inc.,* 593 So.2d 234, 241 (Fla. 5th DCA 1991)). However, "any evidence relevant

to prove a material fact at issue is admissible unless precluded by a specific rule of exclusion." *Zack v. State*, 753 So.2d 9, 16 (Fla. 2000) (citing *Williams v. State,* 110 So.2d 654 (Fla.1959)). The Court agrees with Defendant to the extent that Plaintiff put her individual financial ability at issue. ECF No. [80-1]. As such, evidence of Plaintiff's individual financial ability is admissible. *Zack*, 753 So.2d at 16. However, the Court agrees with Plaintiff to the extent that Defendant is conflating Plaintiff's individual financial ability and her family's financial ability and that Plaintiff has not put her family's financial ability at issue. As such, evidence of her family's financial ability or status is inadmissible. *Brough*, 297 F.3d at 1178. Defendant will be permitted to introduce evidence of Plaintiff's financial ability but not her family's financial ability or status.

### v. Plaintiff's Irrelevant Medical History

Plaintiff argues that any evidence of Plaintiff's breast augmentation and subsequent drainage of silicone breast implants are not relevant. ECF No. [75] at 5. Defendant responds that Defendant does not intend to introduce evidence of the breast augmentation and drainage but reserves the right to do so if Plaintiff opens the door. ECF No. [102] at 10. Accordingly, Plaintiff's motion is granted on this issue.

## B. Defendant's Motion

### i. Prior Incidents

Defendant argues that evidence of prior incidents should not be admitted because the prior incidents do not meet the "substantial similarity doctrine." ECF No. [77] at 2-7. Defendant specifies six incidents that should be inadmissible: (1) Louie Medina's reported incident on September 16, 2015; (2) Darwin and Helen Nelson's reported incident on June 17, 2015; (3) Catherine Di Giacomo's reported incident on May 25, 2016; (4) Linda Jean Panciarello's reported incident on September 21, 2016; (5) Chandravali Doshi's reported incident on September 6, 2016;

8

and (6) Mark Bock and Jeff Worley's purported incidents. *Id.* at 6-7. Plaintiff responds that at least two of the prior incidents – Louie Medina's reported incident and Chandravali Doshi's reported incident – meet the substantial similarity doctrine and gave Defendant constructive notice of the gangway's slipperiness. ECF No. [98] at 2-9. Although Plaintiff does not specifically address whether the other four incidents are substantially similar, the Court reviews each incident in turn.

Because of the potential for prejudice, the Eleventh Circuit has determined that prior incident evidence is permitted only under the "substantial similarity" doctrine which requires previous incidents to show that the defendant was warned of the danger. *See Heath v. Suzuki Motor Corp.*, 126 F.3d 1391, 1396 (11th Cir. 1997). "Evidence of similar occurrences may be offered to show a defendant's notice of a particular defect or danger, the magnitude of the defect or danger involved, the defendant's ability to correct a known defect, the lack of safety for intended uses, the strength of a product, the standard of care, and causation." *Hessen for Use & Benefit of Allstate Ins. Co. v. Jaguar Cars, Inc.*, 915 F.2d 641, 650 (11th Cir. 1990). The Eleventh Circuit has set forth a three-prong test to determine if evidence of a prior incident is admissible: (1) incidents must not be too remote in time; (2) the conditions must be substantially similar; and (3) there must be no prejudice or confusion of the issues that outweighs the probative value of the evidence. *See Weeks v. Remington Arms Co.*, 733 F.2d 1485, 1491 (11th Cir. 1984). The proponent of the evidence bears the burden of demonstrating substantial similarity. *See Sorrels v. NCL (Bahamas) Ltd.*, 796 F.3d 1275, 1287 (11th Cir. 2015) (citing *Heath*, 126 F.3d at 1397 n.12). Courts have previously allowed prior incidents dating back to four years before the incident in question as not too remote in time. *See Hessen*, 915 F.2d at 642.

Given that the Eleventh's Circuit three-prong test depends on whether conditions are substantially similar, the Court turns to the applicable case law on conditions that constitute

substantial similarity. First, in *Whelan v. Royal Caribbean Cruises Ltd.*, No. 1:12-CV-22481, 2013 WL 5583966 (S.D. Fla. Aug. 16, 2013), *Hessen*, 915 F.2d 641, *Jones v. Otis Elevator Co.*, 861 F.2d 655, 661-62 (11th Cir. 1988), and *Borden, Inc. v. Florida East Coast Railway Company*, 772 F.2d 750 (11th Cir. 1985), the courts allowed evidence of prior incidents that involved the same location or a product of identical design. In *Whelan*, the court admitted evidence of prior incidents because the prior incidents and the incident at issue took place on the "same single step." 2013 WL 5583966, at *2. *Hessen* involved identical automobiles. 915 F.2d at 650. *Jones* involved the same subject elevator. 861 F.2d at 661-62. *Borden* involved an identical signaling system. *Borden*, 772 F.2d at 755.

In *Taiariol v. MSC Crociere S.A.*, 677 F. App'x 599, 601 (11th Cir. 2017), however, the Eleventh Circuit determined that prior incidents did not have to take place at the same location, and that evidence of prior incidents at a different location could be admissible as long as the proponent of the evidence sufficiently demonstrated similarities between the incidents that took place. *See also Sorrels*, 796 F.3d at 1287 (requiring the proponent of the evidence to bear the burden of demonstrating substantial similarity). In *Taiariol*, the Eleventh Circuit found that the plaintiff failed to demonstrate that prior falling incidents were substantially similar to the falling incident in question because, in the prior falling incidents, the passengers fell because there was no handrail, because they were distracted by a crew member, because they tripped on electrical cords, on camouflaged steps, or on other objects, or because they slipped on marble stairs or steps that were not adequately marked. *See* 677 F. App'x at 601.

The Eleventh Circuit further elaborated on the standard for substantial similarity in *Bunch v. Carnival Corp.*, 825 F. App'x 713 (11th Cir. 2020). In *Bunch*, the Eleventh Circuit found that an incident at a particular deck gave the cruise-line notice of the dangers of a different deck. *Id.* at

10

718. The Eleventh Circuit thereby reinforced its previous decision that prior incidents may be substantially similar even if they did not occur at the same location as the incident in question. *See id.* However, the Eleventh Circuit allowed evidence of the prior incident in *Bunch* because the plaintiff demonstrated that the two decks were substantially similar by creating the same optical illusion. *See id.* at 717-18. With the Eleventh Circuit's standard for substantial similarity in mind, the Court now turns to the six incidents in this case.[3]

### *(1) Louie Medina's reported incident on September 16, 2015*

Louie Medina's reported incident took place on September 16, 2015, about three years before Plaintiff's injuries on July 18, 2018. ECF No. [77] at 6. Therefore, the Court finds that the incident is not too remote in time. However, Louie Medina reported that he slipped while walking backwards and assisting a passenger in a wheelchair. ECF Nos. [77] at 6; [97-2] at 98-99. In accordance with the Eleventh Circuit's finding in *Taiariol*, 677 F. App'x at 601, the Court finds that walking backwards and assisting someone in a wheelchair are material differences that do not put Defendant on constructive notice of the dangers of the gangway for able-bodied customers like Plaintiff who was not walking backwards or assisting someone in a wheelchair. As noted above, in *Taiariol*, the Eleventh Circuit found that prior incidents where passengers fell – because there was no handrail; because they were distracted by a crew member; because they tripped on electrical cords, on camouflaged steps, or on other objects; or because they slipped on marble stairs or steps

---

[3] It should be noted that the Court finds Plaintiff's reliance on *Jackson v. Firestone Tire & Rubber Co.*, 788 F.2d 1070 (5th Cir. 1986), to be unpersuasive. *Jackson* is a non-binding Fifth Circuit decision that involved a design defect in a product liability case. *See id.* The court in *Jackson* found that a prior accident involving one component of a truck wheel rim gave the defendant notice of the possibility of future accidents involving a different component of the wheel rim given the multi-component nature of the product. *See id.* at 1082-83. The present case, however, does not involve a multi-component product but a gangway. Plaintiff does not allege that the design of one part of the gangway was the cause of prior accidents, nor does Plaintiff allege that the design of a particular gangway component gave Defendant notice of accidents that may arise from defects in other gangway components. Simply put, the fact-specific nature of the court's analysis in *Jackson* makes the court's finding less instructive to the present case.

that were not adequately marked – were not substantially similar to the incident in question. *See id.* Given the material differences in this case, the Court finds that Plaintiff has not met the burden of showing that the incidents are substantially similar. Louis Medina's reported incident would have only little probative value that would be substantially outweighed by unfair prejudice to Defendant. Accordingly, Louie Medina's reported incident is inadmissible.

### *(2) Darwin and Helen Nelson's reported incident on June 17, 2015*

Darwin and Helen Nelson's reported incident took place on June 17, 2015, about three years before Plaintiff's injuries on July 18, 2018. ECF No. [77] at 6. Once again, the Court finds that the incident is not too remote in time. However, Helen Nelson slipped while using an entirely different gangway. *See id*. Because the Eleventh Circuit has found that the prior incidents do not have to involve the same exact steps, *see Bunch*, 825 F. App'x at 718; *Taiariol*, 677 F. App'x 599 at 601, the fact that Helen Nelson slipped on a different gangway is not dispositive. However, Plaintiff must demonstrate that the gangways are substantially similar. *See Bunch*, 825 F. App'x at 718; *Taiariol*, 677 F. App'x 599 at 601; *Sorrels*, 796 F.3d at 1287. Unlike the plaintiff in *Bunch* who demonstrated that the two different decks in question had the same reflective surface creating the same optical illusion, *see* 825 F. App'x at 717-18, in this case, Plaintiff fails to elaborate on how the gangways are similar in any aspect. Without further demonstration of how the gangways are similar in any material aspect, the Court finds that Darwin and Helen Nelson's reported incident is inadmissible.

### *(3) Catherine Di Giacomo's reported incident on May 25, 2016*

Catherine Di Giacomo's reported incident took place on May 25, 2016, about two years before Plaintiff's injuries on July 18, 2018. ECF No. [77] at 6. Therefore, the Court finds that the incident is also not too remote in time. However, Catherine Di Giacomo was requesting a

wheelchair and mentioned the fall only in passing. *See id.* There are no further details about her fall. Given Plaintiff's failure to provide any further details to determine whether the fall was substantially similar to Plaintiff's fall or whether the gangway was the same or similar gangway, the Court again finds that Plaintiff has failed to meet the burden of demonstrating substantial similarity. Accordingly, Catherine Di Giacomo's reported incident is inadmissible.

*(4) Linda Jean Panciarello's reported incident on September 21, 2016*

Linda Jean Panciarello's reported incident took place on September 21, 2016, about two years before Plaintiff's injuries on July 18, 2018. ECF No. [77] at 6. Once again, the Court finds that the incident is not too remote in time. However, Linda Jean Panciarello reported that she slipped while using a motor scooter. *See id*. The Court finds that a motor scooter is a material difference that does not put Defendant on constructive notice of the dangers of the gangway for able-bodied customers such as the Plaintiff. *See Taiariol*, 677 F. App'x at 601. Given the material difference, the Court finds that there is little probative value that is substantially outweighed by unfair prejudice to Defendant. Accordingly, Linda Jean Panciarello's reported incident is inadmissible.

*(5) Chandravali Doshi's reported incident on September 6, 2016*

Chandravali Doshi's reported incident took place on September 6, 2016, about two years before Plaintiff's injuries on July 18, 2018. ECF No. [77] at 6. Therefore, the Court again finds that the incident is not too remote in time. As before, the next issue the Court must address is whether the gangways are the same gangway or substantially similar gangways. In arguing that the gangways are the same gangway, Plaintiff states that there is no support that the gangways are different gangways in a different port. ECF No. [98] at 9. However, Defendant's expert makes clear that Chandravali Doshi's reported incident took place in Juneau not Skagway. ECF No. [97-

13

2] at 93-94. According to the expert, gangways are specific to ports, and they do not travel with the cruise-ship. *Id.* at 82. As such, there is evidence in the record that the gangways are different gangways. *See id.* However, once again, the fact that the incidents occurred on different gangways is not dispositive because the Eleventh Circuit has found that prior incidents do not have to involve the same exact location as long as Plaintiff can otherwise demonstrate substantially similar conditions. *See Bunch*, 825 F. App'x at 718; *Taiariol*, 677 F. App'x 599 at 601. As noted above, the court in *Bunch* admitted evidence of a prior incident at a different deck when the plaintiff demonstrated how the decks in question were similarly designed to create the same optical illusion. 825 F. App'x at 717-18. Plaintiff in this case fails to elaborate on how the gangways located in two different ports are similar in any aspect. Furthermore, Chandravali Doshi reported that she slipped when another customer "nudged her" on the gangway. ECF No. [77] at 6-7. Without further explanation of how the gangways are similar, the Court finds that the Defendant was not put on constructive notice of the slipperiness of a gangway or the need for more passenger assistance. Accordingly, Chandravali Doshi's reported incident is inadmissible.

### *(6) Mark Bock and Jeff Worley's purported incidents*

Defendant seeks to exclude Mark Bock and Jeff Worley's purported incidents. ECF No. [77] at 7. Plaintiff concedes in its Response that Plaintiff does not intend to call Mark Bock or Jeff Worley. ECF No. [98] at 9. As such, Defendant's objection to Mark Bock and Jeff Worley's purported incidents is moot.

Accordingly, Defendant's first motion *in limine* is granted.

### ii.     **Testimony from Mark Bock and Jeff Worley**

In Defendant's second motion *in limine*, Defendant reiterates that any testimony from Mark Bock or Jeff Worley should be inadmissible as improper prior incident evidence. ECF No. [77]

at 7-8. As stated above, Plaintiff responds that Plaintiff does not intend to call Mark Bock or Jeff Worley. ECF No. [98] at 9. Accordingly, Defendant's second motion *in limine* is denied as moot.

### iii. Plaintiff's Claimed Incontinence

In Defendant's third motion *in limine*, Defendant argues that any evidence regarding Plaintiff's claimed incontinence should be inadmissible because Magistrate Judge Louis has already stricken Plaintiff's claims of incontinence for untimely disclosure. ECF No. [77] at 8; *see also* ECF No. [72] at 7. Plaintiff responds that Plaintiff does not intend to object to Magistrate Judge Louis' report and recommendation and will not introduce evidence of incontinence. ECF No. [98] at 9. Accordingly, Defendant's third motion *in limine* is granted.

### iv. Disparity in the Parties' Resources

In Defendant's fourth motion *in limine*, Defendant argues that any reference to the disparity in the parties' financial resources, such as references about Plaintiff's need for financial compensation and Defendant's relatively superior resources, should be inadmissible. ECF No. [77] at 8-9. Plaintiff agrees that such references should be inadmissible but requests that the ruling on this motion be mutual so that Defendant will also be prohibited from discussing the financial ability of either party. ECF No. [98] at 9. As stated above, generally, "no reference should be made to the wealth or poverty of a party, nor should the financial status of one party be contrasted with the other's." *Brough*, 297 F.3d at 1178. However, "any evidence relevant to prove a material fact at issue is admissible unless precluded by a specific rule of exclusion." *Zack*, 753 So.2d at 16. The Court agrees with both parties to the extent that any references to the disparity in the parties' resources should be inadmissible. However, as stated above, Plaintiff put her individual financial ability at issue. ECF No. [80-1]. As such, both parties will be permitted to submit evidence about Plaintiff's individual financial ability, without referring to Plaintiff's need for financial

compensation. Accordingly, Defendant's fourth motion *in limine* is granted in part and denied in part. Both parties will be permitted to introduce evidence of Plaintiff's financial ability, without referring to Plaintiff's need for financial compensation, but neither party will be permitted to introduce references about the parties' disparity in financial resources, including Defendant's relatively superior resources.

### v. Comments About Justness of Cause

In Defendant's fifth motion *in limine*, Defendant argues that any comments by Plaintiff's Counsel regarding the justness of Plaintiff's case or personal knowledge about the facts of this case should be inadmissible. ECF No. [77] at 9. Plaintiff agrees that such comments are inadmissible. ECF No. [98] at 9-10. Accordingly, Defendant's fifth motion *in limine* is granted.

### vi. Comments Urging Jury to "Send a Message" to Defendant

In Defendant's sixth motion *in limine*, Defendant argues that any comments by Plaintiff's Counsel urging the jury to "teach the defendant a lesson" or "let them know they can't get away with it" should be inadmissible. ECF No. [77] at 10. Plaintiff agrees that such comments should be inadmissible. ECF No. [98] at 10. Accordingly, Defendant's sixth motion *in limine* is granted.

### vii. Billed Medical Expenses

In Defendant's final motion *in limine*, Defendant argues that evidence of billed charges should be inadmissible because they do not reflect the amount actually paid by Plaintiff. ECF No. [77] at 10-12. Plaintiff responds that Defendant's motion is an improper attempt to avoid a binding decision, *Higgs v. Costa Crociere SPA Co.*, 969 F.3d 1295 (11th Cir. 2020), in which the Eleventh Circuit allowed the plaintiff to introduce evidence of billed medical charges. ECF No. [98] at 10. The Court finds that *Higgs* is binding and will not attempt to modify or reverse the ruling. Accordingly, Defendant's final motion *in limine* is denied.

Case No. 19-cv-22973-BLOOM/Louis

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion *in Limine*, **ECF No. [75]**, is **GRANTED IN PART and DENIED IN PART** consistent with this Order.

2. Defendant's Motion *in Limine*, **ECF No. [77]**, is **GRANTED IN PART and DENIED IN PART** consistent with this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 20, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record