UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-22973-BLOOM/Louis

MAI LIS BAHR,

       Plaintiff,

v.

NCL (BAHAMAS) LTD.,
*doing business as* NCL,

       Defendant.

_____/

## ORDER ON MOTION FOR RECONSIDERATION AND/OR CLARIFICATION

**THIS CAUSE** is before the Court upon Defendant NCL (Bahamas) Ltd.'s ("Defendant" or "NCL") Motion for Reconsideration and/or Clarification of Order on Motion for Summary Judgment with Regard to Medical Causation, ECF No. [149] ("Motion"). Plaintiff Mai Lis Bahr ("Plaintiff" or "Bahr") filed a Response, ECF No. [157], to which Defendant filed a Reply, ECF No. [160]. The Court has carefully considered the Motion, the Response and Reply, the record in this case and the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is granted in part.

The Court assumes the parties' familiarity with the facts of this case. On September 3, 2021, the Court entered its Order on NCL'S Motion for Summary Judgment ("MSJ"), in which the Court determined that genuine issues of material fact remain with respect to the issue of notice in this case. *See* ECF No. [120] ("Order"). In the Order, the Court also declined to consider, at that time, Defendant's argument that there is no admissible record evidence to establish medical causation regarding Plaintiff's claimed injuries. *See id.* at 16. Defendant now requests reconsideration of the Order with respect to the issue of medical causation in order to to correct

clear error and prevent manifest injustice, because medical causation is an essential element of Plaintiff's negligence claim. In the alternative, Defendant requests clarification as to status of its MSJ on the issue of medical causation.

A motion for reconsideration requests that the Court grant "an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002). A party may not use a motion for reconsideration to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (quoting *Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)). Within this framework, however, a court may grant reconsideration when there is (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice. *Hood v. Perdue*, 300 F. App'x. 699, 700 (11th Cir. 2008). Thus, a motion to reconsider is "appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Kapila v. Grant Thornton, LLP*, No. 14-61194-CIV, 2017 WL 3638199, at *1 (S.D. Fla. Aug. 23, 2017) (quoting *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (internal quotation marks omitted). A motion for reconsideration "is not an opportunity for the moving party . . . to instruct the court on how the court 'could have done it better' the first time." *Hood*, 300 F. App'x at 700 (citation omitted). "[T]he movant must do more than simply restate his or her previous arguments, and any arguments the movant failed to raise in the earlier motion will be deemed waived." *Compania de Elaborados de Cafe v. Cardinal Cap. Mgmt., Inc.*, 401 F. Supp. 2d 1270, 1283 (S.D. Fla. 2003).

Although NCL contends that the Court should grant reconsideration of its Order based on clear error and to prevent manifest injustice, NCL fails to show how the Court's declining to consider the issue of medical causation amounted to clear error based upon the posture in which NCL presented the issue in its MSJ. Indeed, NCL devoted a total of two (2) paragraphs of argument in the MSJ to the issue of medical causation, arguing in a perfunctory manner that "there is no admissible record evidence that the alleged incident caused these claimed injuries." ECF No. [78] at 6-7. Defendant then directed the Court to "[s]ee NCL's Omnibus *Daubert* Motion, filed concurrently." *Id*. Thus, Defendant expressly made its argument dependent upon its contemporaneously filed *Daubert* Motion, ECF No. [80]. At the time the Court entered the Order, the *Daubert* Motion was still pending, and as such, consideration of Defendant's medical causation argument was not appropriate. Thus, reconsideration of the Order is not warranted because Defendant fails to show how the Court committed clear error, where Defendant itself made its MSJ contingent upon its *Daubert* Motion.

Plaintiff represents that she intends to present the testimony of four medical experts, Dr. Suite, Dr. Lichtblau, Dr. Salmansohn, and Dr. Walker to opine on medical causation in this case. On October 18, 2021, the Court entered its Omnibus Order on Motions to Strike/*Daubert* Motions, ECF No. [159] ("*Daubert* Order"), in which the Court granted Defendant's *Daubert* Motion in part. However, the Court did not exclude Plaintiff's proffered expert testimony in full. As set forth more fully the *Daubert* Order, the Court excluded only one of the expert's opinions regarding causation, namely those of Dr. Walker. *See generally* ECF No. [159]. As such, three medical experts will be permitted to testify at trial, as set forth in the *Daubert* Order.

Thus, to the extent that Defendant requests clarification of the status of the MSJ with respect to medical causation, the Court will clarify specifically: Defendant's argument that there

is no *admissible* evidence of medical causation in this case fails based upon the subsequent entry of the *Daubert* Order.

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [149]**, is **GRANTED IN PART AND DENIED IN PART**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 28, 2021.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record