UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-22973-BLOOM/Louis

MAI LIS BAHR,

    Plaintiff,

v.

NCL (BAHAMAS) LTD.,
*doing business as* NCL,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court upon Defendant NCL (BAHAMAS) LTD.'s ("NCL" or "Defendant") Motion to Compel Updated Responses to Discovery and for Leave to Pursue Additional Discovery Relating to Plaintiff's Work as a Licensed Real Estate Agent/Broker and for Continuance of Trial, ECF No. [174] ("Motion"). Plaintiff Mia Lis Bahr ("Bahr" or "Plaintiff") filed a Response in Opposition, ECF No. [177] ("Response"), to which Defendant filed a Reply, ECF No. [179] ("Reply"). The Court has carefully reviewed the Motion, all opposing and supporting submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted in part and denied in part consistent with this Order.

### I. BACKGROUND

On July 17, 2019, Plaintiff initiated the instant action against Defendant for injuries sustained while exiting the Norwegian Pearl onto the dock at the Port of Skagway, Alaska. *See* ECF No. [1]. Plaintiff was walking down a gangway between the Pearl and the dock, on July 18, 2018, when she slipped and fell near the end of the gangway, which she alleges was wet and

slippery. *See id.* ¶ 8. Based on these allegations, the Complaint asserts a single count of maritime negligence against Defendant, alleging that Defendant breached its duty of care by "failing to maintain slip resistance materials; failing to provide adequate railings; failing to provide a safe walkway; [] failing to warn Plaintiff of the lack of an adequate railing; by providing a worn slip resistance surface material, and by failing to warn of the inadequate, and worn, slip resistant surface materials." *Id.* ¶ 9.

On May 26, 2021, Defendant filed its first Motion for Sanctions against Plaintiff, in part due to Plaintiff's untimely disclosures of her employment relationship with Dickens Mitchener. *See* ECF No. [61].[1] Magistrate Judge Louis found that although Plaintiff had been late in disclosing certain facts, the untimely disclosures were not "willful." ECF No. [80-10] at 41. Magistrate Judge Louis granted Defendant an opportunity to re-depose Plaintiff, *see* ECF No. [72], and Defendant filed its objections to Magistrate Judge Louis' Order, *see* ECF No. [74]. After considering Defendant's objections to Magistrate Judge Louis' Order, this Court found that the relief afforded was not clearly erroneous or contrary to law and overruled Defendant's objections. *See* ECF No. [109].

On July 1, 2021, shortly before Plaintiff's second deposition per Magistrate Judge Louis' Order, Plaintiff's Counsel advised Defendant's Counsel of three additional sources of income. *See* ECF Nos. [74-5], [108] at 9. Defendant subsequently canceled the second deposition, *see* ECF No. [108] at 10, and filed its second Motion for Sanctions, *see* ECF No. [85]. In the second Motion for Sanctions, Defendant requested that the Court dismiss the case with prejudice due to Plaintiff's failure to comply with discovery obligations. *See generally id*. On December 14, 2021, the Court

---

[1] Plaintiff contends that she does not have an "employment relationship" with Dickens Mitchener. *See* ECF No. [177] at 3. The Court expresses no opinion on the matter and refers to Plaintiff's relationship with Dickens Mitchener as an "employment relationship" for the sake of brevity.

denied Defendant's second Motion for Sanctions after concluding that Plaintiff did not act in bad faith. *See* ECF No. [170] at 14.[2]

According to Defendant, after the Court's Order denying the second Motion for Sanctions, the Parties continued to confer, and Plaintiff produced additional documents related to her employment at Dickens Mitchener. *See* ECF No. [174] at 8. On January 20, 2022, Defendant filed the instant Motion requesting that the Court: (1) compel Plaintiff to update her initial disclosures, produce additional responsive documents, and supplement prior answers to interrogatories; (2) grant leave to pursue additional discovery relating to Plaintiff's work as a real estate agent/broker; and (3) remove this case from the February 14, 2022 trial docket and continue the trial. *See* ECF No. [174] at 1. On January 26, 2022, Plaintiff filed her Response, arguing that Defendant did not exercise due diligence in seeking discovery, and that, as a result, Defendant failed to establish good cause to modify the Court's Scheduling Order. *See* ECF No. [177] at 4.

## II. LEGAL STANDARD

First, in regard to supplementing disclosures and responses, Fed. R. Civ. P. 26(e) states, in relevant part:

> (1) *In General.* A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response:
>     (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
>     (B) as ordered by the court.

*See* Fed. R. Civ. P. 26(e).

---

[2] While the Court's Order denying Plaintiff's second Motion for Sanctions was being docketed, Defendant filed a Second Motion for Leave to Supplement Defendant's Renewed Motion for Sanctions Against Plaintiff. *See* ECF No. [168] ("Second Motion for Leave"). The Court's Order, therefore, did not consider the Second Motion for Leave. Defendant subsequently withdrew the Second Motion for Leave. *See* ECF No. [172].

Second, in regard to amending scheduling orders, the Eleventh Circuit has stated that scheduling orders may be modified only "upon a showing of good cause." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (citing Fed. R. Civ. P. 16(b)). The good cause standard precludes modification of scheduling orders unless the schedule cannot "be met despite the diligence of the party seeking the extension." *See id.* (citing Fed. R. Civ. P. 16 advisory committee's note). "If [a] party was not diligent, the [good cause] inquiry should end." *Id.* (quoting *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992)).

Third, in regard to continuing a trial, the Eleventh Circuit has determined that "[t]he decision whether to grant a continuance is within the sound discretion of the trial court." *Gastaldi v. Sunvest Resort Communities, LC*, 709 F. Supp. 2d 1284, 1291 (S.D. Fla. 2010) (citing *Arabian Am. Oil Co. v. Scarfone*, 939 F.2d 1472, 1479 (11th Cir. 1991)) (further citations omitted). The Eleventh Circuit has also set forth four factors for courts to consider when addressing a motion for continuance: "1) the diligence of the party requesting the continuance to ready the case prior to the date set for hearing; 2) the likeliness that the need for continuance could [be] met if a continuance was granted; 3) the extent to which granting the continuance would [be] an inconvenience to the court and the opposing party, including its witnesses; and 4) the extent to which [the moving party] might [suffer] harm as a result of the denial." *Fowler v. Jones*, 899 F.2d 1088, 1094 (11th Cir. 1990) (citing *Hashwani v. Barbar*, 822 F.2d 1038, 1040 (11th Cir. 1987)); *see also Romero v. Drummond Co.*, 552 F.3d 1303, 1320 (11th Cir. 2008) (citing *Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1296 (11th Cir. 2005)). Further, a district court's decision "will not be overturned unless the denial is arbitrary or unreasonable." *Fowler* at 1093-94 (citation omitted).

### III. DISCUSSION

#### A. Supplemental Disclosures and Responses

First, Defendant requests that the Court compel Plaintiff to supplement Plaintiff's disclosures and discovery responses. Defendant argues that a "party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect . . . ." ECF No. [174] at 10 (quoting Fed. R. Civ. P. 26(e)). Defendant argues that Plaintiff has failed to satisfy her duty to supplement her disclosures and responses. *See id.* at 9-14. Plaintiff does not address Defendant's arguments on this issue. *See generally* ECF No. [177].

The Court agrees with Defendant. The duty to supplement continues after the close of discovery. *See In re BankAtlantic BanCorp, Inc.*, No. 07-61542-CIV, 2010 WL 3294342, at *5 (S.D. Fla. Aug. 20, 2010) (citing *Rodriguez v. IBP, Inc.,* 243 F.3d 1221, 1230 (10th Cir. 2001) (the duty to supplement extends beyond the close of discovery, until the filing of a notice of appeal); *Klonski v. Mahlab,* 156 F.3d 255, 267-68 (1st Cir. 1998) (the duty to supplement extends beyond the close of discovery and into trial); *Hunyh v. J.P. Morgan Chase & Co.,* No. CIV 06–0001–PHX–RCB, 2008 WL 2789532 at *24-25 (D. Ariz. Jul.17, 2008) (Rule 26 requires supplementation after discovery closes), *Locascio v. Jacobs,* No. 8:05-CV-416-T-24EAJ, 2006 WL 1540290 at *1 (M.D. Fla. May 30, 2006) (the duty to supplement under Rule 26(e) supersedes the parties' agreement to stop supplementing thirty (30) days prior to trial, and the duty to supplement discovery responses continues, at least, until trial)).

Therefore, pursuant to Rule 26(e), on or before February 7, 2022, Plaintiff shall produce: (1) documents pertaining to commissions earned for homes sold; (2) listing agreements for homes sold for which a commission has not yet been paid; and (3) the completed Mentor/Mentee Tracking checklist and all performance evaluations reflecting Plaintiff's role as a Mentee. *See* ECF No.

[174] at 14.[3] Plaintiff shall also serve amended answers to interrogatories and update her initial disclosures, identifying her work as a real estate agent/broker and describing her precise role at Dickens Mitchener. Lastly, Plaintiff shall explain the Disbursement Authorization Data, which Plaintiff disclosed on January 20, 2022, including the meaning of each category and how the numbers were calculated. *See* ECF No. [174-20] at 8.

### B. Leave for Third-Party Discovery

The Court now turns to Defendant's request for leave to pursue third-party discovery. Defendant requests that it be permitted to conduct limited third-party discovery regarding Plaintiff's employment relationship with Dickens Mitchener by deposing Dickens Mitchener personnel. *See* ECF No. [174] at 15-16. Plaintiff argues that Defendant's request for leave should be denied because Defendant did not exercise due diligence. *See* ECF No. [177] at 4. Plaintiff notes that Defendant waited for months before seeking discovery regarding Plaintiff's employment relationship with Dickens Mitchener. *See id.* Defendant argues in its Reply that Defendant did not "[sit] on its hands and [do] nothing," and that Defendant exercised due diligence by pursuing discovery sanctions. ECF No. [179] at 2. Defendant also argues that it was delayed in seeking additional third-party discovery because it was hampered by Plaintiff's untimely disclosures. *See* ECF No. [174] at 3, n.3.

Defendant's request for leave to pursue third-party discovery is, in effect, a request to amend the Court's Scheduling Order. As stated above, scheduling orders may be modified only "upon a showing of good cause." *Sosa*, 133 F.3d at 1418; *see also* Fed. R. Civ. P. 16(b). The good cause standard precludes modification of scheduling orders unless the schedule cannot "be met despite the diligence of the party seeking the extension." *See id.* In this case, Defendant discovered

---

[3] Documents pertaining to real estate sales that must be disclosed include closing statements, commission statements, or other documents corroborating the sale price of the homes sold. *See* ECF No. [174] at 3.

Plaintiff's employment relationship with Dickens Mitchener in February 2021. *See* ECF No. [174] at 6, n.7. However, Defendant did not issue a third-party subpoena to Dickens Mitchener until April 20, 2021, months after it discovered Plaintiff's employment relationship with Dickens Mitchener. *See* ECF No. [177] at 2. Upon receiving the response to the subpoena from Dickens Mitchener on May 13, 2021, Defendant did not seek to depose anyone at Dickens Mitchener before the close of discovery. *See id.* Given that Defendant knew, for nearly a year, that Plaintiff was working for Dickens Mitchener, the Court is not persuaded that Defendant exercised due diligence. Further, Defendant avers that "Plaintiff's claims of permanent injury and loss of earning capacity [are] the two most significant damage factors in this lawsuit." ECF No. [174] at 3. Being aware of the two most significant damage factors in this lawsuit, Defendant should have sought pertinent third-party discovery regarding Plaintiff's earning capacity from Dickens Mitchener well before now.[4] As such, Defendant fails to demonstrate due diligence that would warrant the Court amending the Scheduling Order and allowing third-party discovery.

### C. Continuance of Trial

Defendant also requests that the Court continue the trial. *See* ECF No. [174] at 17. Because the Court is denying Defendant's request for leave to pursue third-party discovery and because Plaintiff's supplemental disclosures and responses will not require significantly more time, Defendant's request to continue the trial is moot. Nonetheless, to be thorough, the Court applies the four-factor test set forth by the Eleventh Circuit. *Fowler*, 899 F.2d at 1094 (holding that courts should consider "1) the diligence of the party requesting the continuance to ready the case prior to the date set for hearing; 2) the likeliness that the need for continuance could [be] met if a

---

[4] To the extent that Defendant argues that Defendant was delayed because Plaintiff did not produce certain documents, *see* ECF No. [174] at 3, n.3, the Court is not persuaded. Defendant was aware of Plaintiff's employment relationship for nearly a year, irrespective of Plaintiff's untimely disclosures, and has presented no reason why it was unable to depose Dickens Mitchener personnel in a timely manner.

7

continuance was granted; 3) the extent to which granting the continuance would [be] an inconvenience to the court and the opposing party, including its witnesses; and 4) the extent to which [the moving party] might [suffer] harm as a result of the denial").

As to the first factor, Defendant has not exercised diligence in readying the case prior to the trial date as stated above. Defendant should have pursued third-party discovery shortly after it discovered Plaintiff's employment relationship with Dickens Mitchener and well before the impending trial date. Therefore, the first factor weighs against a continuance. As to the third factor, the Court and Plaintiff would be inconvenienced by Defendant's requested continuance. Plaintiff notes that arrangements have already been made for the parties and witnesses. *See* ECF No. [177] at 3-4. Further, this straightforward and otherwise simple case involving a single count of maritime negligence against Defendant was filed over two and half years ago in July 2019, and Defendant has filed the instant Motion to continue the trial only twenty (20) days before calendar call. The Court is disinclined to grant a continuance under the circumstances and inconvenience Plaintiff by further delaying her day in court. *See Mierzwicki v. Citigroup, Inc.*, No. 14-CV-61753, 2015 WL 13388565, at *3 (S.D. Fla. Sept. 28, 2015) (refusing to continue the case when the moving party sought a continuance of nineteen (19) days before calendar call because it would inconvenience the court).

As to the fourth factor, the Court is not persuaded that Defendant would suffer material harm as a result of the denial. The Court fully expects Plaintiff to comply with the Court's Order directing her to make additional disclosures and supplement her responses by the stated deadline, especially since it appears that Plaintiff has complied with some informal requests for various documents. *See* ECF No. [174] at 2. In addition, considering the discovery that has already taken place and Plaintiff's forthcoming supplemental disclosures and responses, the Court is confident that Defendant will be able to present its defense. Therefore, contrary to Defendant's argument,

denying Defendant's requested continuance will not violate due process principles and will not deprive Defendant of a fair trial. *See* ECF No. [174] at 17. After weighing the factors, the Court declines to continue the trial based on the arguments raised in Defendant's Motion.[5]

However, the Court recognizes that Defendant has filed a Notice of Conflict During Trial Period, ECF No. [178], indicating that Defendant's Counsel has a trial that has been specially set to start on February 14, 2022. The Court will address the need to reschedule the start of this trial based upon the trial conflict at the scheduled calendar call.[6]

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion, **ECF No. [174]**, is **GRANTED IN PART AND DENIED IN PART** as follows:

1. Plaintiff shall produce additional documents, amended answers to interrogatories, and amended initial disclosures consistent with this Order by no later than **February 7, 2022**.

2. Defendant's Motion is **DENIED** in all other respects.

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 1, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

---

[5] The Court notes that the second factor weighs in favor of a continuance, but that, on balance, the four factors weigh against a continuance.
[6] The Court does not find a hearing to be necessary to resolve the issues presented in the pleadings. As such, the Court denies Defendant's request for a hearing.