UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-22973-BLOOM/Louis

MAI LIS BAHR,

    Plaintiff,

v.

NCL (BAHAMAS) LTD.,
*doing business as* NCL,

    Defendant.
_____/

## ORDER ON MOTIONS TO COMPEL

**THIS CAUSE** is before the Court upon Defendant NCL (BAHAMAS) LTD.'s ("NCL" or "Defendant") Motion to Compel Updated Responses to Discovery and for Leave to Pursue Limited Additional Discovery Related Solely to Newly Disclosed Information, ECF No. [229] ("Motion"), and Supplement to Motion to Compel, ECF No. [231] ("Supplemental Motion"). Plaintiff Mia Lis Bahr ("Bahr" or "Plaintiff") filed a Response in Opposition, ECF No. [232] ("Response"), to which Defendant filed a Reply, ECF No. [233] ("Reply"). The Court has carefully reviewed the Motions, all opposing and supporting submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motions are denied.

### I. BACKGROUND

The Court assumes the parties' familiarity with the case.

### II. LEGAL STANDARD

First, in regard to supplementing disclosures and responses, Fed. R. Civ. P. 26(e) states, in relevant part:

>(1) *In General.* A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response:
>>(A) in a timely manner if the party learns that in *some material respect* the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
>>(B) as ordered by the court.

*See* Fed. R. Civ. P. 26(e) (emphasis added).

Second, in regard to amending scheduling orders, the Eleventh Circuit has stated that scheduling orders may be modified only "upon a showing of good cause." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (citing Fed. R. Civ. P. 16(b)). The good cause standard precludes modification of scheduling orders unless the schedule cannot "be met despite the diligence of the party seeking the extension." *See id.* (citing Fed. R. Civ. P. 16 advisory committee's note). "If [a] party was not diligent, the [good cause] inquiry should end." *Id.* (quoting *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992)).

## III. DISCUSSION

Defendant argues that the Court should compel Plaintiff to supplement her disclosures, provide additional documents, and amend her interrogatory answers in accordance with her continuing duty to supplement. *See* ECF No. [229] at 6. Defendant submits that the Court should reopen discovery for the limited purpose of allowing Defendant to obtain information Plaintiff disclosed for the first time on August 2, 2022, namely new information about her medical treatment and current employment. *See id.* at 8. Defendant specifically seeks limited discovery on (1) records and imaging studies from medical providers and for medical treatments Plaintiff did not previously disclose; (2) updated records from February 2022 through present from Dickens Mitchener; (3) Plaintiff's 2021 tax return, which will corroborate her earnings over the past year; (4) records from Costco Pharmacy, a previously undisclosed pharmacy; (5) an updated deposition of Plaintiff

limited only to her ability to work and her symptoms and treatments since her last deposition; and (6) an updated independent medical examination of Plaintiff. *See id.* at 10. In the Supplemental Motion, Defendant states that Plaintiff provided additional disclosures after the Motion was filed, including medical records from Lisa Wososki ("Wososki") and a bank deposit from Dickens Mitchener. *See* ECF No. [231]. Defendant argues that these late disclosures raise additional questions warranting limited discovery. *See id.*

Plaintiff responds that she has properly and timely continued to supplement her disclosures consistent with the Court's prior Order, ECF No. [180], and additional discovery is not warranted because it will only yield immaterial information. *See* ECF No. [232]. Plaintiff also submits that Defendant has failed to demonstrate good cause for revising the Court's Scheduling Order. *See id.* With respect to the Supplemental Motion, Plaintiff responds that Plaintiff's counsel is not in possession of additional information regarding Wososki, and Plaintiff will continue to provide medical records from Wososki as they are received. *See id.* at 11. Plaintiff further notes that Plaintiff continuing therapy from Wososki is not surprising information given Plaintiff's claimed injuries. *See id.*

Defendant replies that Defendant should have an opportunity to see additional disclosures to discern whether they are material. *See* ECF No. [233] at 3. Defendant also argues that because the trial is months away, Defendant has time to conduct additional limited discovery. *See id.* at 2.

The Court agrees with Plaintiff. The Court is not persuaded that any of the discovery that Defendant seeks will yield material information because Defendant has already conducted extensive discovery in this case. With respect to new medical records and undisclosed providers, Plaintiff persuasively argues that her medical checkups are with doctors at the Novant Health Group, and depending on the availability of doctors, she is forced to meet with other, previously

3

undisclosed, doctors. *See* ECF No. [232] at 5. Further, it is apparent that Plaintiff is continuing to disclose her medical records from the Novant Health Group. *See* ECF No. [229-1]. Any additional disclosure of medical records that Defendant seeks will, in all likelihood, provide extraneous information on Plaintiff's continuing treatment, which is not surprising given her claimed injuries, or information on Plaintiff's OB/GYN treatment, which is not relevant to her claim. The Court is confident that Plaintiff will continue to supplement her medical records without a further Order from the Court and without the need to re-open discovery.

With regard to Dickens Mitchener, Plaintiff correctly notes Defendant conducted a second deposition of Plaintiff on the matter. As such, the Court is not persuaded that additional discovery into Dickens Mitchener will yield relevant information. With respect to Plaintiff's 2021 tax return, Plaintiff reiterates that she does not have her 2021 tax return yet and that she will supplement her disclosures once her 2021 tax return becomes available. *See* ECF No. [232] at 9. The Court is confident that Plaintiff will continue to abide by her duty to supplement her disclosures by providing her 2021 tax return without an Order to Compel and without the need to re-open discovery. Next, with respect to Defendant's request for records from the Costco Pharmacy, the Court is again not persuaded that additional discovery into the pharmacy will lead to new or material information, considering the voluminous medical records already provided that include a drug prescription for the pharmacy in question. *See* ECF No. [229-1] at 3.

The Court also denies Defendant's request for an updated deposition limited only to Plaintiff's ability to work and her symptoms and treatments since her last deposition and an updated independent medical examination of Plaintiff. Plaintiff has already given two depositions and submitted herself to several prior medical examinations before Defendant's experts. *See* ECF Nos. [76-3] (expert report from Marian Rosado and Doyle Patton's medical examination of

Case No. 19-cv-22973-BLOOM/Louis

Plaintiff on February 18, 2021 and December 2 and 3, 2019), [76-5] (expert report from Jeffrey Gelblum's medical examination of Plaintiff on November 11, 2020). The Court declines to compel a third deposition and yet another medical examination.

Finally, with regard to the Supplemental Motion, Plaintiff has responded that Plaintiff's counsel is not in possession of additional information about Wososki, and that Plaintiff will continue to provide medical records from Wososki as they are received. *See* ECF No. [232]. The Court is confident that Plaintiff will continue to disclose any further information about her treatment with Wososki as more information becomes available. The Court also denies Defendant's request for additional discovery regarding Dickens Mitchener in its Supplemental Motion for the same reasons noted above.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion, **ECF No. [229]**, is **DENIED**.
2. Defendant's Supplemental Motion, **ECF No. [231]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 14, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record