## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 19-cv-22973-BLOOM/Louis

MAI LIS BAHR,

       Plaintiff,

v.

NCL (BAHAMAS) LTD.,
*doing business as* NCL,

       Defendant.

_____/

### <u>ORDER ON MOTION FOR LEAVE TO FILE OUTSIDE CURRENT DEADLINE</u>

**THIS CAUSE** is before the Court upon Defendant NCL (BAHAMAS) LTD.'s Motion for Leave to File Outside Current Deadline a Motion *in Limine* to Exclude Evidence Related to Plaintiff's Untimely Disclosed Mental Health Treatment, ECF No. [245] ("Motion"). Defendant also filed a Memorandum in Support of its Motion, ECF Nos. [248], [249]. Plaintiff Mia Lis Bahr filed a Response in Opposition, ECF No. [250] ("Response"), to which Defendant filed a Reply, ECF No. [253] ("Reply"). The Court has carefully reviewed the Motion, all opposing and supporting submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

### I. BACKGROUND

On July 17, 2019, Plaintiff initiated the instant action against Defendant for injuries sustained while exiting the Norwegian Pearl onto the dock at the Port of Skagway, Alaska. *See* ECF No. [1]. Plaintiff was walking down a gangway between the Pearl and the dock when she slipped and fell near the end of the gangway, which she alleges was wet and slippery. *See id.* ¶ 8. Based on those allegations, the Complaint asserts a single count of maritime negligence against

Defendant, alleging that Defendant breached its duty of care by "failing to maintain slip resistance materials; failing to provide adequate railings; failing to provide a safe walkway; [] failing to warn Plaintiff of the lack of an adequate railing; by providing a worn slip resistance surface material, and by failing to warn of the inadequate, and worn, slip resistant surface materials." *Id.* ¶ 9.

On the heels of a previously scheduled trial date, on August 28, 2022, Defendant filed a motion to compel seeking, among other things, updated medical records from Plaintiff's medical providers. *See* ECF No. [229]. The Court denied the motion as Plaintiff represented that she had provided records and the Court reasoned that any additional information would be extraneous, considering the claimed injuries, and that the Court was confident that Plaintiff would continue to disclose any further information about her treatment. ECF No. [234]. Defendant subsequently petitioned the Eleventh Circuit for a Writ of Mandamus directing this Court to quash this Court's Order denying Defendant leave to take limited updated discovery and directing this Court to reopen and allow the limited discovery requested in the August 28, 2022, Motion to Compel. Petition for Writ of Mandamus, *In re NCL (Bahamas), LTD.*, No. 22-13459 (11th Cir. Oct. 17, 2022). The Eleventh Circuit denied the Petition. *In re NCL (Bahamas), LTD.*, No. 22-13459 (11th Cir. Nov. 8, 2022).

Defendant now moves the Court for leave to file a motion *in limine* to exclude evidence related to Plaintiff's untimely disclosed mental health treatment. ECF No. [245]. Plaintiff responds that Defendant failed to show good cause to permit an additional motion *inlLimine* after the deadline to do so. ECF No. [250]. Defendant replies that it has shown good cause for leave to file a motion *in limine* outside the deadline and to strike certain damage claims. ECF No. [253].

## II. LEGAL STANDARD

The Eleventh Circuit has stated that scheduling orders may be modified only "upon a showing of good cause." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (citing

Fed. R. Civ. P. 16(b)). Scheduling orders may be modified only "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b). The good cause standard precludes modification of scheduling orders unless the schedule cannot "be met despite the diligence of the party seeking the extension." *See id.* (citing Fed. R. Civ. P. 16 advisory committee's note). "If [a] party was not diligent, the [good cause] inquiry should end." *Id.* (quoting *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992)).

## III. DISCUSSION

In the instant Motion, Defendant requests leave to file a motion *in limine* to exclude evidence related to Plaintiff's untimely disclosed mental health treatment and injuries outside of the deadline set by the Court in which to do so. ECF No. [245]. Defendant contends that they did not know of the existence of the medical records or providers until the deadline for filing pretrial motions expired and Plaintiff only demonstrated unwillingness to comply with her discovery obligations after the deadline. *Id*. at 3. Defendant states that good cause exists to permit it to file a motion *in limine* past the deadline. *Id*.

Plaintiff Responds that Plaintiff complied with the Court's Order and Rule 26(e) by continuously supplementing discovery. ECF No. [250]. Plaintiff clarifies that she does not intend to call Lisa Wasoski or Christal Nelson at trial, the two doctors Defendant claims Plaintiff has not properly provided discovery regarding. *Id* at 8. Plaintiff therefore asserts that there is no good cause to permit Defendant to file a motion *in limine* outside of the Court's deadline to do so. *Id*. at 9.

As Defendant correctly points out this is not the first time it has raised an issue regarding discovery or the need for continued discovery after the trial was continued from its originally scheduled date in February 2022. Defendant filed a motion to compel production of Dr. Lisa Wasoski's records, ECF No. [231], filed a Writ of Mandamus with the Eleventh Circuit, Petition

for Writ of Mandamus, *In re NCL (Bahamas), LTD.*, No. 22-13459 (11th Cir. Oct. 17, 2022), and raised the issue of Plaintiff's non-compliance at the Calendar Call on November 1, 2022. This Court denied the motion to compel, ECF No. [234], and has consistently reminded Plaintiff to honor its obligation to supplement discovery.

Because Plaintiff contends that she has complied with her discovery obligations and does not intend to present any testimony at trial related to Dr. Lisa Wasoski or Dr. Christal Nelson, the Court determines that there is not good cause to alter this Court's Scheduling Order to allow Defendant to file a motion in limine one month before the specially set trial is to commence. Defendant may certainly object at trial should Plaintiff offer or elicit evidence relying on documents that she represents do not exist or have not been turned over in discovery. The Court prohibits any attempts by Plaintiff to offer testimony that relies on notes or other documents kept by Lisa Wasoski since Plaintiff represents that no notes exist and Defendant has stated that no other documents from Lisa Wasoski have been turned over in discovery. Finding that there are procedures in place to prevent Defendant from potential prejudice, the Court finds no good cause to amend the Court's Scheduling Order and therefore denies Defendant's Motion to file a Motion *in Limine* outside of the time period in which it had to do so.

## IV.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion, **ECF No. [245]**, is **DENIED**

Case No. 19-cv-22973-BLOOM/Louis

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 19, 2023.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: Counsel of Record